UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| ROBERT DOUGLASS DUNN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:11-cv-01079 |
| | ) | Judge Trauger |
| AUTOMOTIVE FINANCE CORPORATION, | ) | Magistrate Judge Brown |
| KAR AUCTION SERVICES, INC., AND | ) | |
| ADESA, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S SUR-REPLY TO DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

Defendants cannot get past their discovery responses which state Defendants fired Plaintiff in part for the following:

- … [Telling][1]… the African American employee because he was just an assistant branch manager, not a branch manager like the rest of them and he will never make it in the company because he is black, and there are no African Americans walking the halls.

- That Automotive Finance Company is a racist company and only wants "old white guys". (D.E. 44, Defendant's Discovery Responses to Plaintiff's Interrogatories, No. 11; Ex. 4).

These are Defendants own words. Further, Plaintiff's manager testified Plaintiff was fired because he stated AFC was a racist company. (D.E. 44, Keadle Depo. pp. 75-76; Ex. 3). Another employee, Engle, testified in his deposition that Plaintiff made it clear Employer does not promote blacks and Employer discriminates against minorities. (D.E. 44, Engle Depo. pp. 63-64, 70-72, 74; Ex. 9). There is no evidence Plaintiff stated that "Plaintiff" was not going to promote Mr. Hopkins because of his race. In Defendants' Reply, Defendants omit any reference to Plaintiff's statements that Defendant is a racist company and only wants "old white guys".

---

[1] Employer used the word "denigrating". Plaintiff would assert the use of this term is argumentative.

Defendants now claim Plaintiff was fired for using the "N" word. (D.E. 52; Defendants' Brief pp. 5-7). Defendants have never made this argument before this Reply. Hence, Defendants' Motion for Summary Judgment does not claim Plaintiff was fired for using the "N" word. (D.E. 36). Nor does Defendants' Statement of Material Facts state anywhere Plaintiff was fired for the use of the "N" word. (D. E. 37; Defendants' Statement of Material Facts).

Plaintiff in his Response to Defendants' Motion for Summary Judgment argued that after being notified of Plaintiff's opposition statements, Defendants set out to fire Plaintiff and went so far as to have the Human Resources Manager, Michelle Daidone, tell Plaintiff's manager, Keadle[2], that Plaintiff had used the "N" word despite not a shred of evidence exists of this word being used. Plaintiff argued this showed the pre-textual nature of Plaintiff's discharge. No employee testified Plaintiff used the "N" word and Plaintiff adamantly denies this allegation. (D.E. 44, Dunn Aff. ¶14; Ex. 1).

In fact, in discovery, Plaintiff requested that Defendants respond to the following:

11. State all remarks made by Plaintiff for which Defendants claim justifies Plaintiff's termination, being specific as to the date of the incident, the names and addresses of the witness(es), and state the substance of the statements made, being specific as to the exact language used.

In response, Defendants never stated Plaintiff had used the "N" word. (D.E. 44; Ex. 4; Defendants' Responses to Plaintiff's First Set of Interrogatories, No. 11).

Defendants have for the first time in this Reply, taken Plaintiff's argument, twisted it, and now claim they did indeed fire Plaintiff for the use of the "N" word. Not only is this argument belied by Defendants own Motion for Summary Judgment, where this claim was not made, but it is also illogical. Defendants' argument would completely make an opposition claim impossible to ever succeed, because it would then mean that after an employee opposes illegal acts, any HR

---

[2] This allegation about the use of that word had a role in Keadle's decision to fire Plaintiff. (D.E. 44, Keadle Depo. p. 57; Ex. 3).

2

director (such as Daidone) could then invent a reason for termination, such as Plaintiff's misuse of the "N" word, despite not a shred of evidence of the truth of that allegation. HR could then tell the manager this word was used, and then the manager could fire the employee engaging in opposition for use of the "N" word. Such a construction of Title VII would allow discriminating employers to never be responsible for their actions under Title VII because of the trumped up reason for firing the employee. This argument also is contrary to the law of the Sixth Circuit where pretext can be shown by evidence "that the employer's proffered explanation is unworthy of credence." *Cline v. Catholic Diocese of Toledo*, 206 F.3d 651, 667 (6th Cir. 2000).

Defendants also assert in a footnote some discussion about a statement concerning inter-racial dating. (D.E. 52; Defendants' Reply p. 2 ftnt. 1). This likewise was not contained in Defendants' Statement of Material Facts. (D. E. 37; Defendants' Statement of Material Facts). Defendants should have referenced all facts in their Statement of Material Facts. Defendants should not be allowed to assert any new facts in their Reply.

Defendants claim Plaintiff opened the door to hearsay notes of the EEOC investigator because Plaintiff cited the EEOC Compliance Manual. (D.E. 52; Defendants' Reply, p. 10). Even if these notes constituted some sort of findings, they would be inadmissible under FRE 403. *Williams v. Nashville Network,* 132 F.3d 1123, 1129 (6th Cir. 1997).

On the other hand, the law is clear that Plaintiff's cite to the EEOC Compliance Manual is a valid legal argument.

> In our view the agency's policy statements, embodied in its compliance manual and internal directives, interpret not only the regulations but also the statute itself. Assuming these interpretive statements are not entitled to full *Chevron* deference, they do reflect " 'a body of experience and informed judgment to which courts and litigants may properly resort for guidance.' " As such, they are entitled to a "measure of respect" under the less deferential *Skidmore* standard. (cites omitted) *Fed. Exp. Corp. v. Holowecki*, 552 U.S. 389, 399, 128 S. Ct. 1147, 1156, 170 L. Ed. 2d 10 (2008).

Defendants' claim that Plaintiff opened the door to the EEOC findings by citing the EEOC regulations has no legal support.

At the summary judgment stage, all inferences of facts are to be construed in favor of the Plaintiff. Plaintiff's argument, which Defendants agree with, is that Plaintiff was terminated because he stated in front of numerous employees that a black subordinate would not be promoted because of his race because the company does not promote blacks. Defendants even admit Plaintiff told Mr. Hopkins that he did not have a chance of becoming a Branch Manager because AFC is racist and only wants "old white guys." (D. E. 37; Defendants' Statement of Material Facts, No. 15). There is no evidence Plaintiff stated that "Plaintiff" was not going to promote Mr. Hopkins because of his race. Resolving this inference in favor of Plaintiff, which the court is bound to do in summary judgment, results in a denial Defendants' motion.

Defendants argue that the language use of popular culture does not offer a defense. Plaintiff agrees with this and Plaintiff would never use the "N" word and did not use that word. Defendants claim for some reason or another that it is okay to fire Plaintiff when he states, "Golf is known as a white man's sport", but it does not have to fire Frank King who referred to a black employee in reprehensible terms[3]. Plaintiff would assert that the reason why King was never disciplined or reprimanded for making these atrocious statements, is that he did not make any statements that the company discriminates against blacks. What sets Plaintiff apart from Manager King is that Plaintiff opposed the discriminatory actions of this company.

Defendants claim that Plaintiff's statements may subject Defendants to liability. (D.E. 52, p. 3, Page ID # 923). Plaintiff will agree that had Mr. Hopkins sued for any sort of discrimination

---

[3] Toni Moore, a black employee, was called a coon by her manager. (Moore Depo. pp. 13, 37-38; Ex. 12). This manager also stated that if segregation was still the same way, blacks would stay in their place. (Moore Depo. pp. 56-57; Ex. 12).

based upon his race, Plaintiff would have readily testified for Mr. Hopkins that this is a company that does not promote blacks and would have made the exact same statements he made at the dinner. That Defendants can twist their own description of Plaintiff's statements that "Automotive Finance Company is a racist company and only wants –old white guys'", (Defendants' Responses to Plaintiff's Interrogatories, #11; Ex. 4), to be inappropriate behavior, is unbelievable.

Defendants claim that Plaintiff misrepresents the facts. These are the facts coming from the Defendants that Plaintiff was fired, in part, because he stated, "Automotive Finance Company is a racist company and only wants –old white guys'" If this does not qualify as opposition, nothing does. If any employer can take statements that the employer is racist and somehow or another twist that around to show that the person opposing this practice is the actual racist, then no opposition will ever be shown. Plaintiff would state that Defendants' arguments are without merit.

**WHEREFORE,** Plaintiff respectfully requests Defendants' Motion for Summary Judgment be denied in its entirety.

Respectfully Submitted,

s/Ann Buntin Steiner
Ann Buntin Steiner    #11697
The Law Offices of Steiner & Steiner
613 Woodland Street
Nashville, Tennessee 37206
(615) 244-5063

s/Edward Hiland
Edward Hiland         #5778
Hiland, Mathes & Urquhart
20 Academy Place
Nashville, TN 37210
(615) 251-6968

*Attorneys for Plaintiff, Robert Douglas Dunn*

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2013, a copy of the Plaintiff's Sur-Reply to Defendants' Reply to Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt as follows: William S. Rutchow, Jennifer S. Rusie, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., SunTrust Plaza, Suite 1200, 401 Commerce Street, Nashville, Tennessee 37219. Parties may access this filing through the Court's electronic filing system.

s/Ann Buntin Steiner
**Ann Buntin Steiner, BPR #11697**
The Law Offices of Steiner & Steiner
613 Woodland Street
Nashville, TN 37206
(615) 244-5063